REGAN, Judge.
The plaintiff, Pittman Construction Company, Inc., instituted this suit against the defendants, Favrot & Pierson, its subcontractor, endeavoring to recover the sum of $6,806.00, representing contractual damages incurred as a result of their failure to deliver fiber roof decking, wall panels, and form boards for use on a building which was constructed by Pittman Construction Company under its contract with the Orleans Parish School Board which required it to erect the Algiers Junior High School. The damages claimed represent the difference between the defendants’ bid and the price which the plaintiff was compelled to pay for a specified material secured from another source.
The defendants answered and explained therein that their failure to supply the material, which forms the subject matter of this dispute, resulted from the fact that they supplied material approved by the Orleans Parish School Board, but that the School Board subsequently rejected the materials which the defendants were prepared to furnish.
Defendants also reconvened in an effort to recover $2,000.00 representing profits which they lost on the job, plus $395.00 as expenses incurred by reason of plaintiff’s failure to defend its subcontract with the defendants when their proposed material was rejected by the School Board.
In addition thereto, the defendants filed a third party petition against the Orleans Parish School Board in an effort to hold it liable for any sum awarded to the plaintiff for its failure to supply the proper materials. In the third party petition the defendants reurged their allegation that the material to be supplied by them was approved in the plans and specifications drawn by the School Board.
They further asserted that the architects for the School Board actually approved the form of roof decking and form board to be supplied by the defendants as “equal to the items called for in the specifications”, and thereby invited the defendants to bid on the job to its detriment.
*676 In response to the third party petition, the Orleans Parish School Board pleaded the exception of no cause of action. The third party defendant’s exception was maintained and the defendants’ third party petition against the Orleans Parish School Board was dismissed. From that judgment the defendants have prosecuted this appeal.
The record, which consists merely of the various pleadings described above, reveals that the original plans and specifications required that the roof decking and form board possess a factory applied layer of asphalt roofing felt on the top side and that the form board be of 12 and 13 foot lengths. The record further discloses that “Tectum” and “Insulrock” roof deck and form board were both approved by name in the specifications, with the added statement that other material “approved equal” could be used. Tectum could meet the specifications required by the School Board, but Insul-rock could not, even though it was approved by name. In addition, Petrical and Porex roof deck and form board were also approved as equal by subsequent enlargement of the specifications. As a result of the approval given to Petrical by the School Board, the defendants agreed to supply that material to Pittman for use on the school building. However, the School Board subsequently rejected Petrical roof deck and form board since it could not be supplied with factory applied felt or in greater lengths than 9 feet. As a result of the School Board’s rejection of Petrical, it was impossible for the defendants to fulfill their agreement with the plaintiff, and consequently Pittman was required to buy the Tectum roof decking and form board at a higher price from another firm.
In effect, the defendants’ argument is predicated upon the hypothesis that the School Board was unjustly enriched at their expense, since the price of Petrical was lower than any other corresponding material, and the School Board obtained a correspondingly lower price from the plaintiff for the building contract.
For the purposes of considering the validity of the exception of no cause of action, pleaded by the School Board to the defendants’ third party petition, the record discloses that the plans and specifications required the form boards to possess factory applied felt and to be of 12 and 13 foot lengths. When the defendants furnished a bid to supply the material in accordance with these specifications, there was imposed upon them the burden of learning which of the brand names could be supplied in conformity with the specifications. The mere fact that the other brand names were approved as equal did not nullify the requirement that the boards be supplied with felt and of 12 and 13 foot lengths.
Consequently, we are of the opinion that the defendants’ third party petition fails to assert a cause of action against the Orleans Parish School Board. However, it should be made clear at this point that this aspect of the case is authority only for what it actually decides, and we have endeavored to refrain from expressing any dicta which may tend to encroach upon the merits of the litigation pending between Pittman Construction Company and Favrot & Pierson for the pecuniary loss incurred by either of them as a result of the incident related herein.
For the foregoing reasons, the judgment of the lower court is affirmed. All costs relating to the third party demand and this appeal thereon are to be paid by the defendants; all other costs are to await the final determination hereon.
Affirmed.